This morning 24-1022 Culp v. Remington of Montrose Golf Club. May it please the court, my name is Damon Davis and I represent the plaintiffs Ms. Culp and Ms. Peters. Plaintiffs raised four issues on appeal but the two I would like to concentrate on today excuse me are the conflicting verdicts with respect to Ms. Culp and the exotic dancer evidence with respect to Ms. Peters. Of course I'm happy to answer questions on any of the issues. First with regard to the conflicting verdicts this court should either order a new trial or enforcement of the punitive damages verdict and on this issue I'd like to address three main points. One the application of the Supreme Court's opinion in deets, two how the answer to verdict question five is a finding of liability and three how question five could potentially be reconciled with questions one and three. First though plaintiff's preferred outcome is obviously enforcement of the punitive damages verdict that already exists perhaps the most straightforward way to resolve this case is to apply the Supreme Court's deets decision and order a new trial. This court the 10th circuit has previously ruled that a special verdict cannot be returned to the jury for further deliberation. Can I stop you there? Yes. I know that the verdict form was labeled a special verdict form and that the parties both call it that but let's say I have a hang up on that. Help me understand why this is a special and not a general verdict. Well I think everybody below has agreed that it's a special verdict form. I think in particular with Ms. Culp you have specific findings as to each claim and then you also have the separate finding as to punitive damages which contains separate findings within it and so I think you have to look at the answers to all of those in order to reach the determination. But in Johnson this court has said that a general verdict is one where it's simply the jury declares the winner and they say how much. Isn't that exactly what this verdict form required the jury to do? They one determine liability and then if they found it they said here are the damages. Perhaps with respect to to Ms. Peters with Ms. Culp you did have that extra question with regard to punitive damages which has separate findings which amount to liability but it was a separate question from from the first two two questions but I think even if it's a a general verdict you still have the same issue of conflicting verdicts that would need to be reconciled and you would still have the issue that should have sent back been sent back to the jury for further consideration to to reconcile these these findings. Well sure but it it seems to me that as a threshold question it matters whether it's a special or general verdict because as you know we're talking about different subparagraphs of a rule and one of them requires a contemporaneous objection to say here's what we're asking the district court to do and the other does not. So if it's a general verdict has Ms. Culp in particular waived her argument about now asking the us to order a new trial because at the trial level she didn't say to the district court here's what we you know here's our objection and here's what we're asking you to do. I have two responses to that your honor. First I think one since the defense has agreed that this is a special verdict I think they would have and has always argued it as such I think that would have waived that issue that it is a general verdict and would require a an objection and two plaintiffs did object and if you look up Mr. both counsel stood up and asked for the court's attention defense counsel asked to approach both attorneys went up defense counsel spoke first at that point the judge said yes we're going to resolve this after I dismissed the jury plaintiff's counsel then spoke up and said hey I don't think the jury can do this the court said before he could finish his statement the court said I agree I'm going to resolve it after I send it back to the jury and the court said later in its order on the jury verdicts that I understood that counsel was objecting to this being an inconsistent verdict so the court knew what plaintiff's counsel was getting at and but had already made up her mind to resolve this after the jury was sent back so I think that is adequate to preserve it because the trial court understood what plaintiff's counsel was getting at at the time and so either way this should have gone back to the jury and under the supreme court's decision in deets it can go back whether it's a general verdict or a special verdict um deets confirmed that the trial court not only has inherent authority to resubmit the issue back to the jury but also has authority under rule 51 b3 now this court has previously said it doesn't exist under rule 49a but this is a separate rule 51 b3 that this court has never spoken on and now the supreme court has said a specific verdict can go back under that rule and it should have done that here but probably the court's discretion was circumscribed because this court has previously said it can't do that and it has never confirmed that deets overrules those prior decisions on on rule 49a and so this would be an appropriate decision case to clarify that and give guidance to the court on sending it back it doesn't really overrule it it doesn't say you misinterpreted the rules it just says even if the rules don't allow it you'd have an inherent power to do it well you do yeah it doesn't directly contradict this court's interpretation of 49a but it does say you can do under rule 51 b so the effect is you can send it back despite what's what's been said before yeah so it doesn't directly overrule and that's probably one of the back from from doing precisely that as it didn't directly overturn or contradict this court's prior rulings well did you have any other claims other than a hostile work environment based on her sex or retaliated against her for reporting unlawful sexual harassment do you have any other complaint there was also a claim for negligent hiring and supervision i there was no punitive damages for that so this issue on the inconsistent verdicts does not affect the claim for negligent hiring or supervision well i guess my my question is you can't disagree that if they said no to one and no to question two that it was just an oversight or a mistake on plugging in 125 000 punitive damages um i think the court that the jury did do it deliberately and i think that gets into my second point that the question five that they answered in order to give punitive damages is effectively a finding of liability because the answer yes to question five in order you can't have liability if they answered no to both of those questions but that gives you an inconsistent verdict because you can't you can't ignore question five just because this is what the court said that surplus surplusage and it's a mistake and i'm just going to excise it but you under this court's precedent and i think under the common law you can't just ignore a finding of fact this court said in in the bonding case um if you were to ignore a jury finding that would treat the prior and specific verdict that would treat the prior two questions as a a general verdict and here everybody agreed that this was a specific verdict and you would be treating those prior questions as um general verdicts which wasn't the intent when the verdict form was submitted and additionally the traditional remedy if the jury is not following instructions is you either re-instruct them and tell them to do it correctly or you order a new or a mistrial you don't just throw out part of what they did you have to consider it all and if you can't correct it through a new instruction you have to order a new trial and that's been the traditional remedy that's what the seventh circuit said um in the freeman case and that's what this court said in in the bonded case you don't just ignore something the jury did and so then you have to dig into the language of the findings and they found specifically that in order to answer question five you would have to find that miss colt was sexually harassed or retaliated against that this was intentional discrimination and it was done in violation of her rights all as defined in verdict form 38 38 makes clear and assuming the jury followed follow the jury instructions which we do 38 makes clear that the rights in question are her rights under federal law it specifically refers to her rights under federal law instruction one states that that federal law is title 7 it specifically says the court in this case is instructing on title 7 this is a title 7 claim for sexual harassment and retaliation and then the court wraps up with question 42 saying you the jury can only consider the law given to you by this court so assuming the jury follow the instructions the only law they can apply to find her rights were violated is title 7 council can i understand uh are you arguing in the alternative meaning your first view would be these jury uh the jury verdict is actually you can reconcile it and that we should just order that the punitive damages award be enforced that's your starting point your fallback position is well they are inconsistent so we should order a new trial is do i have that right that that is that is correct your honor i think the the reconciliation is separate from whether they conflict the first question is do they conflict our position is clearly they do that at a minimum requires a new trial if it is and if this is a finding of fact which of of liability which again when you look at a specific verdict you look at the jury's individual findings apply the law to it and then determine if that establishes liability and doing that with question 5 establishes liability because they had to find that there was sexual harassment the miscult was sexually harassed or retaliated against intentionally in violation of title 7 and that this was not only intentional but with malice and reckless indifference because title 7 is the only law that the jury was allowed to apply to determine her rights were and if you apply the law to that that's a finding of liability that's precisely what you do with the special verdict now the reconciliation raises a question of it how and how confusing is instruction 44 because it really hinges on how do you read instruction 44 44 was the instruction that told the jury um if you find for plaintiff on multiple claims you can only award damages once for the same damages that is based on a colorado state form instruction the form instruction comments itself warned this is a confusing instruction and without clarification it confused the jury that it could potentially confuse the jury to only award damages on one claim and the plaintiff subjected to that instruction as i recall we did object to that instruction and we said you can you can resolve this issue through through the instruct the jury to only award damages once there and so we objected to it and the issue is if the jury believed they could only award damages once that's going to encourage them to pick one claim and we submit that they picked the opinion of the images claim because they thought there was malice and willful conduct so that one fit the best and if that's what the jury did then this these claims can be reconciled on that basis let me ask with respect to the remedy if we accept your primary argument which this these are in conflict if we accept that argument there are two verdicts then that aren't affected is that what you're saying so your only arguments on those two issues would be your evidentiary yes that is that is correct and what are the two that would still remain did you well actually it would only be the um at that point it would only be the the um that was it higher in supervision because i think we'd have a resolution of the um the other two claims of the the sexual harassment retaliation the damages would be the punitive damages for those those claims so there'd only be one one claim one that would not be retried yes that would assuming that you lose on the evidentiary issue assuming that we lose on and on your on the summary judgment what was that what was the the that was that was for miss peters and our argument there was that um she was retaliated against and the retaliation was in the form of the defendant the defendant did not take her allegation seriously in fact when she complained they told her you know a lot of guys a lot of people like this guy you're sure you want to complain about him and the retaliation was making her work with him and make him work with him afterward yes that was that was the alleged retaliation for the summary judgment claim and we think there's there's no circuit authority one way or the other on it the district courts go both ways but we believe the more persuasive cases say it can be when you force the person to work in close contact with the alleged can you help me understand the timing though wasn't um this cult first made the allegations against the bartender and when they interviewed miss peters and she did not raise her own allegations at that time so was the golf club on notice when they scheduled them to work together that miss peters had made specific allegations against him there's a conflict in the evidence there miss peters testified that she did make allegations against him at that point but she didn't have time to put them in the written form that she gave to the golf club because they they asked her to fill it out in the middle of her shift and she had customers waiting on her but she testified that she made her own complaints so um on summary judgment you have to accept the plaintiff's version and and so she did and um with that i'm out of time i thank you for your attention thank you counsel mr gower may it please the court nicholas gower attorney for the aptly defendant remington amontrose golf club after a five-day trial the jury returned its verdict in favor of remington on all of the appellants miss colt and miss peters claims for relief despite rejecting miss colt's title seven claims for hostile work environment and retaliation the jury nevertheless attempted to award her punitive damages because punitive damages are clearly not available to an unsuccessful title seven plaintiff like miss colt the district court ultimately set aside the improper punitive damages award against uh that was entered against remedies these are inconsistent verdicts and suggest that the jury was confused we ultimately i think they can be reconciled there's obviously an apparent inconsistency that's created anytime juries don't an apparent inconsistency it's an inconsistency well when juries don't follow instructions and you wonder which instruction did they not follow did they not follow the instruction that said award damages award compensatory damages or did it misunderstand that if it didn't award compensatory damages it could still award punitives but isn't this a classic example when you'd want to tell the jury this doesn't look right go back and reread the instructions and i'll reread the instructions and you come back with something that makes sense wouldn't you want that well i think the appellants could have done that uh alternatively well we're our president assuming it's a special verdict our president said that that couldn't have happened the judge didn't have the authority to do that okay well i i think that's a question ultimately um deets does not get to it as you point out all it held was that the district court had the inherent authority to do that yeah i think under deets now this this situation should not occur again the judge will know i can i can call the jury back and do that so hopefully if for this case it won't be an issue but it you can't blame an attorney or a judge from following precedent i don't think well i wouldn't blame judge rodriguez for how she handled it um and to get to judge federico's uh question regarding general versus special i think if this were to be construed the parties obviously treated it as a special verdict uh the court in her subsequent order kind of maybe touched upon the issue with respect to well under uh case life that's a general verdict our authority says we should reconcile them if it's a general verdict with special interrogatories we should still be reconciling them um but alternatively if this is rule 59e could be do you think i'm just trying to sort of piece together the jury instructions with the verdict form do you uh see the verdict form as being part of the instructions no why not well i just think they're separate um well sure i mean they're separate documents but when the court is saying here's the law that i want you to apply and here is a form in which you're going to document your findings that contains within the form substantive directions why isn't that part of the instructions well i suppose it depends on how broadly you define the instructions but the that's what i'm trying to get at i would treat them differently uh based on i mean they had the separate instructions all the instructions were read to the jury uh there i don't think there's intended to be necessarily all one big comprehensive document the jury is focused on the verdict form to the extent they have questions they can refer back to the instructions but ultimately it's the verdict form and um to get to kind of the overall reconciliation and how this could have happened there's at least two reason two basis for reconciling this verdict that doesn't necessitate a new trial i think this court could not do the appellants requested relief of entering a judgment in favor of miss colt for 125 000 that would plainly violate instruct the express findings of no liability for hostile work environment under title seven as well as the retaliation claim under number three and i think this court reconciling these verdicts is possible and i think one thing that's important is and it's mentioned in the briefs you know confusion regarding only answer question number five regarding punitive damages if you answered yes to questions one or three that i think is clear um it's referenced in the reply brief i believe page six that the jury followed the verdict form in all other regards that's not correct because with respect to miss colt's uh verdict form the jury answered no on her hostile work environment claim and immediately following that instruction or that verdict the instruction said do not answer questions two or three three being the punitive damages question if you answered no do you view this as a case of jury confusion or jury disobedience we would view this as a case of jury disobedience on the basis of remington was not perfect in this case there was a lot of evidence of all the things remington could have done better and we would view that the jury was trying to send remington a message to do better so you think the jury went back in the deliberation room read the instructions read the verdict form and was not confused at all when it looked at the directions the verdict form gave when it looked at instruction 38 that did not tie the punitive damages at all to any prior claims directly when it looked at instruction i believe 44 that said you can only award damages once they looked at all that understood it properly and said you know what even though the judge told us this is what we're supposed to do and this is the law we're going to just disregard it because we want to punish remington that's your position well that's essentially what the verdict form asked was how much do you want to punish remington and they answered the question yeah i yeah so but i guess i'm getting at as we're looking at reconciliation um i've been trying to determine if the first instance whether the jury was even properly instructed or they were led down a path of confusion that then gets to this verdict form that's you know difficult to reconcile and i'm just trying to figure out sort of how to how to think about those instructions as they relate to the verdict form well i would note that the verdict forms were prepared by appellants um so they're the ones who submitted them uh there might have been minor revisions but substantively it's what the plaintiffs but but the court owns the verdict form the same way the court owns the instructions i mean the parties submit draft instructions but you know ultimately it's the court's duty to instruct the jury upon the proper law that they apply and this is why i was asking you about is the verdict form part of that because i it's again it's common practice that parties submit verdict forms instructions but ultimately it's the court's duty to instruct the jury in the law i mean you agree with that right yes okay can we go to some of the other issues yeah do you have anything i don't know let me ask you about the summary judgment sure against miss peters she engaged in protected activity you don't dispute that we did not dispute that for purposes of summary judgment okay um so the issue is whether the response to her protected activity right was uh was sufficient to was sufficiently harsh to constitute retaliation is that correct was that was there anything else involved in the in the granting of summary judgment you're correct your honor these uh remington understood the argument as this wine dispute that happened uh based on the allegations that that was the basis for the retaliation claim with respect to miss peters um and remington obviously disputes what miss repeater miss peters reported uh during its investigation but if she she's reported on her on the bartender and then when she after that is resolved and he comes back to work the bartender comes back to work her schedule puts her working with him she says he's not filling my orders and i don't want to deal with that he's he's retaliating against me at least and the boss says oh quit complaining so she quits don't you think requiring her to work for somebody who she's reported would uh sufficiently deter people from reporting misconduct that uh that it rises to the level of retaliation well i think you have to focus continuing to work with the person that you made a complaint about assuming she did um that would go more towards a hostile work environment claim well just are the elements of retaliation satisfied why aren't they no i thought the judge's view was this is not sufficient to constitute um retaliation it's not harsh enough it didn't affect her enough but the test is whether it would deter someone from reporting from engaging in protected activity and if she's forced to work with someone who won't fill her orders and the response by the employer is oh suck it up then why is that not sufficient to rise to the necessary level well your honor we would argue that this court should follow its sister circuits of the second and the fourth that inaction does not support a retaliation claim retaliatory conduct is based on action not in action so under its fincher the second court's decision the court went on to explain that it leaves the employee no worse off if the employer conducts either an inadequate investigation or fails to take action the employee is no worse off than had they never made the complaint in first place um and i think that's that rationale should be followed by this court as well let me ask you about an evidentiary issue i'll get this straight so part of the evidence introduced it was the second issue um sorry not the emotional distress issue but the other one that's part of the emotional distress issue i'm sorry um can you recall what the second evidentiary issue was because it was it was offered to show that the culps whoever the feelys had conducted an adequate investigation yeah over her complaining at her prior employer when she worked at applebee's yes your honor and how was that evidence relevant it was it was offered as i understand it because it would show that the feelys did an adequate investigation but there was no evidence that the feelys were ever told about this as i recall your honor with respect to joelle ricaldi's testimony and i think in the briefing they represent it wasn't relayed to the feelys in our brief we cite she did also tell the feelys in the investigation about her experience it was that that was that elicited at trial that she had told the feelys yes during trial it was pointed yes and that's contrary to what the plaintiffs had argued yes it was after her initial answer where she discussed what she claimed she told the feelys or at least mr crippen and eric feely regarding her experience at applebee's and later on in the testimony we cite the testimony in our brief where she also confirms that she told the feelys that information in the investigation plus there was trial exhibit 80 the page regarding mrs feely's handwritten notes substantively the same and that exhibit was admitted but substantively the same information is contained within that exhibit as well i see my time is up so of course we would ask that this court affirm the district court judgments in full and in this case and thank you for your time thank you council if you plan to council have any remaining time no okay thank you cases submitted councillor excused